## THE PEOPLE *v.* OLIVER.

APPEAL from the District Court of Ponce.

No. 24.—Decided June 24, 1904.

EMBEZZLEMENT—GRAND LARCENY—CONVICTION OF A CRIME DIFFERENT FROM THAT CHARGED IN THE INFORMATION.—The crime of embezzlement and larceny are distinct and separate offenses, and a defendant charged with the crime of grand larceny cannot be convicted of embezzlement.

The facts are stated in the opinion.
*Mr. del Toro, Fiscal,* for respondent.
The appellant did not appear.
MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court:

On June 5, 1903, the district attorney of the District Court of Ponce filed an information against Francisco Oliver, couched in the following language:

"The district attorney presents an information against Francisco Oliver for the crime of grand larceny, embraced in section 449 of the Penal Code, committed as follows: On the eleventh day of March, 1903, in this judicial district, Bautista Centeno delivered to Francisco Oliver a dark brown ox, with large horns, four years old, without a brand, for him to use on trial for the period of eight days, at the end of which said time he was to return the animal or purchase it for the agreed sum of $45; and Francisco Oliver, instead of complying with

the agreement, sold the said ox to Eustaquio Velázquez for $50, and fraudulently converted the proceeds of the sale to his own use. This act is contrary to the statute in such case made and provided, and against the peace and dignity of the People of Porto Rico.''

The defendant appeared before the court on said twenty-fifth day of June, pleaded not guilty to the information, and stated that he wished to be tried by a jury. The oral trial took place on the 4th of December and, the evidence having been taken without any exception having been interposed, the judge, after hearing the arguments made by both sides, summed up the case to the jury and gave them his instructions, and the jury returned a verdict of guilty against the defendant. The judge entered judgment on the seventh day of December, sentencing Francisco Oliver, as having been convicted of the crime of embezzlement, to the penalty of three years of imprisonment at hard labor, to be served in the penitentiary of the Island, and to the payment of costs.

From this judgment counsel for Oliver took an appeal, basing the same on the ground that it was contrary to all law; and said appeal having been allowed, the transcript prescribed by law was forwarded to this court.

The defendant has made no contention whatever before this court, while the *fiscal* opposed the appeal on the ground that no error was committed and that the sentence pronounced was a just one. We have carefully examined the record in the case and have allowed our attention to rest on the fact that the information was presented against Francisco Oliver for the crime of grand larceny, included in section 449 of the Penal Code, and that the jury found him guilty of that offense, while the court sentenced him for the crime of embezzlement to the penalty above mentioned, in consonance with sections 430, 449, and 455 of the Penal Code. Section 449 of the Penal Code, cited in the information, makes punishable the crime of embezzlement, and not that of grand larceny, as the acts committed by the defendant have

been qualified by the district attorney of Ponce, with the peculiar circumstance that the jury found the defendant guilty of that offense, and the judge sentenced him for the crime of embezzlement. The crimes of grand larceny and embezzlement are made completely distinct from each other in the Penal Code and are defined in different sections of said code; and hence it is obvious that Francisco Oliver has been convicted of a crime of which he was not accused. The sentence, therefore, is fatally defective as constituting a variance between it and the information, and in consequence thereof must be reversed, with no other direction to the District Court of Ponce than to proceed to a new trial, first complying with the legal formalities and proceeding according to law.

*Reversed.*

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.